LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-06967 BRO (SSx) | Date | September 30, 2013 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK N.A. V. OMAR SOLARES, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

On July 25, 2013, Plaintiff JPMorgan Chase Bank N.A. filed this unlawful detainer action in the Superior Court of California, County of Los Angeles, Division of Pasadena.  On September 20, 2013, Defendant Marjorie Velasco, in *pro per*, removed to this Court.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996).  The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  A defense is not part of a plaintiff's properly pleaded claim.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06967 BRO (SSx)** | Date | September 30, 2013 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK N.A. V. OMAR SOLARES, ET AL. | | |

In this case, Plaintiff alleges one cause of action for unlawful detainer, as defined by California Code of Civil Procedure section 1161.  The Court has reviewed the complaint; there is no federal question involved in Plaintiff's allegations.  Accordingly, it appears jurisdiction cannot properly be based on 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

Here, Defendant appears to allege diversity jurisdiction, but vacillates in her allegation.  For example, on page 8 of her removal motion, Defendant claims she is removing pursuant to 28 U.S.C. § 1332.  On the following page, she again asserts the requirements of 28 U.S.C. § 1332 have been met.  Nevertheless, a mere three lines later, Defendant indicates that her removal "IS NOT BASED on grounds of diversity of citizenship, amount in controversy in excess of $75,000 does not apply."  (Removal Mot. at 9.)  In any case, the face of the complaint is clear: the amount demanded does not exceed $10,000.  Accordingly, it would appear the amount of controversy does not exceed the requisite $75,000, and therefore jurisdiction based on 28 U.S.C. § 1332 is not proper in this case.

Nevertheless, Defendant evidently believes her removal is yet warranted.  According to Defendant, she may properly remove this action pursuant to 28 U.S.C. § 1443(1).  Section 1443(1) permits removal of either a civil action or a criminal prosecution that was initiated in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  To put it more simply, a defendant may remove under § 1443 if it can show two things: (1) the petitioner seeking removal is asserting as a defense rights that are granted by "explicit statutory enactment protecting equal racial civil rights"; and (2) the petitioner is also "assert[ing] that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel v. Del Taco Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Here, Defendant claims Plaintiff has discriminated against her, and evicted her in

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06967 BRO (SSx)** | Date | September 30, 2013 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK N.A. V. OMAR SOLARES, ET AL. | | |

violation of federal housing laws. According to Defendant, she is a member of a "class protected by Obama Homeowner Protection law in foreclosure, California Homeowners Bill of Rights, and consumer protections and Apostolic Letter issued Motu Proprio of the Supreme Pontiff Francis of the Vatican City." (Removal Mot. at 2.) She also contends "her rights to possession are ignored while the plaintiff clothes its wrongful housing federal violations with a phantom appearance of a simple state case in a court that lacks any jurisdiction." (Removal Mot. at 3.)

Assuming Defendant has successfully satisfied the first prong required to remove under § 1443(1), it is not clear she has satisfied the second prong. The Court has read Defendant's entire removal motion, and is unable to find a single state statute or constitutional provision purporting to command state courts to ignore Defendant's rights. Granted, Defendant does allege the "State Court Eviction under an Unlawful Detainer Action deprives her of her Constitutional rights to due process," but does not explain how her rights are deprived, nor does she allege a provision forcing the Superior Court to deny those rights. (Removal Mot. 4.) Additionally, in several instances, she contends "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans."[1] (*See* Removal 7, 10, 11, 12.) Nevertheless, Defendant is unable to point to a specific statute that discriminates against her, and fails to provide any facts to support her claim. She also alleges that "California statute § 2924 . . . specifically violates the **equal protection** of the laws and equal access to the courts and to due process of law granted and secured by 42 U.S.C. §§ 1981 & 1982." (Removal 8.) Yet the Court has read California Civil Code section 2924, and finds nothing violative of Defendant's constitutionally guaranteed rights. Finally, Defendant claims "[t]he state court judge has a conflict of interest with the funding of his/her retirement and ignores the blight of the home that defendant is protecting." (Removal 15.) If Defendant earnestly believes the Superior Court judge is unable to perform its duties with impartiality, there are specific avenues to remedy that issue within the state court system. *See, e.g.,* Cal. Code Civ. P § 170 *et seq.* But a conflict of interest is neither a "state statute [n]or a constitutional provision[]" that commands the Superior Court to ignore Defendant's federal rights. *See Patel*, 446 F.3d at 999. Therefore, this allegation does not satisfy the requirements of § 1443(1).

---

[1] The Court notes that in two instances Defendant alleges that "[t]he California Superior Courts of Limited Jurisdiction, especially those in Ventura County, operate on an institutionalized predetermination of the outcome reflect a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts." (Removal 10–11.) Yet, the Superior Court from which Defendant attempts to remove is located in the City of Pasadena. Pasadena is not located in Ventura County, but in Los Angeles County.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06967 BRO (SSx)** | Date | September 30, 2013 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK N.A. V. OMAR SOLARES, ET AL. | | |

      In sum, it appears subject matter jurisdiction fails under 28 U.S.C. §§ 1331 and 1332; removal under § 1441 would therefore be improper. Additionally, Defendant evidently fails to satisfy the requirements for removal under § 1443(1) as well because she cannot point to a specific California statutory or constitutional provision mandating the Superior Courts to act in a way that would deprive her of her federal rights.

      Accordingly, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded to the Superior Court for lack of subject matter jurisdiction. A proper response to this order might include at least a proper citation to a California statute or other provision that purportedly commands Superior Courts to act in a way that would deny Defendant of her federal rights, and an explanation as to why this is so. Defendant must respond to this order **no later than Tuesday, October 15, 2013, at 4:00 p.m.** Failure to submit a timely response will be deemed consent to remand for lack of subject matter jurisdiction. Additionally, because Plaintiff recently filed a motion to remand, Defendants are also ORDERED not to file an opposition to that motion until further directed by the Court.

      In order to assist Defendant, a *pro se*, in responding to this order to show cause, the Court provides here the information for the Federal *Pro Se* Clinic. The Federal *Pro Se* Clinic in Los Angeles is located in:

      The United States Courthouse
      312 N. Spring Street, Room 525, 5th Floor
      Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270. Defendant is urged to check the website or call for available hours.

      **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |